UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| REX COPELAND, on Behalf of Himself and on Behalf of All Others Similarly Situated,<br><br>  Plaintiff,<br><br>V.<br><br>COMPLETE SOLIDS CONTROL, LLC,<br><br>  Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§  CIVIL ACTION NO. : 7:22-cv-138<br>§  JURY TRIAL DEMANDED<br>§<br>§<br>§<br>§<br>§ |

## PLAINTIFF'S ORIGINAL COMPLAINT

1. Defendant Complete Solids Control, LLC ("Defendant") required Rex Copeland ("Plaintiff") to work more than forty hours in a workweek without the proper amount of overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and the New Mexico Minimum Wage Act ("NMMWA"), NMSA § 50-4-19, *et seq.*

2. Defendant's conduct violates the FLSA and NMMWA, which requires non-exempt employees to be compensated for all hours in excess of forty in a workweek at one and one-half times their regular rates of pay. *See* 29 U.S.C. § 207(a). Defendant accomplished this underpayment by disguising various payments made to Plaintiff and other hourly employees as reimbursed expenses instead of wages. Specifically, Defendant issued daily payments to Plaintiff and other hourly employees for food, housing, and vehicle use. All of these payments represent compensation primarily for the benefit and convenience of Plaintiff and other hourly employees. The FLSA and NMMWA require this type of compensation be included in the calculation of hourly workers' regular rates of pay when calculating the amount of overtime compensation they are due.

1

3. Plaintiff brings this class and collective action to recover the unpaid overtime wages and other damages owed to himself and other hourly employees like him.

4. Plaintiff also brings a claim for breach of express and/or implied contract for Defendant's failure to pay him for the entirety of his last week's wages.

## SUBJECT MATTER JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6. The Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367 because those claims arise out of the same facts as Plaintiff's federal claims, namely the failure of Defendant to pay the proper amount of wages.

7. Venue is proper in this District because Defendant does a sizeable portion of its business in this District and many of the wrongs herein alleged occurred in this District. Defendant's field office is located in Midland, Texas.

## PARTIES AND PERSONAL JURISDICTION

8. Plaintiff Rex Copeland is an individual residing in Montague County, Texas. Plaintiff's written consent to this action was previously filed as Exhibit A to his Original Complaint. Plaintiff performed work for Defendant within the last three years for which he did not receive the FLSA's required overtime.

9. Plaintiff brings this action on behalf of himself and all other similarly situated hourly employees as a collective action under the FLSA. The FLSA collective is defined as:

> All hourly employees who worked for Defendant who were paid a food, housing, and/or vehicle reimbursement in the past three years.

10. Plaintiff also seeks certification of a class under Federal Rule of Civil Procedure 23 under the NMMWA, defined as follows:

> All hourly employees who worked for Defendant in New Mexico who were paid a food, housing, and/or vehicle reimbursement in the past three years.

11. The identities of the workers that fall into either class definition ("Class Members") above are readily available from Defendant's records.

12. Defendant Complete Solids Control, LLC is a limited liability company organized under the laws of Texas. Defendant may served through its registered agent Rachel Nicodemus, 944 Hemlock Trail, Saginaw, Texas 76131 or wherever she may be found.

## COVERAGE

13. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

14. At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

15. At all material times, Defendant has been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

16. Furthermore, Defendant has an annual gross business volume of not less than $1,000,000.

17. At all material times, Plaintiff and Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 207.

## FACTS

18. Defendant Complete Solids Control LLC operates in the oil and gas industry.

19. Defendant provides solid removal services to its customers.

20. To perform this service, Defendant employs solids control technicians, such as Plaintiff. Those technicians operate the solids control equipment, which is used to separate solid particles and debris from the drilling fluids so that the fluids are safe to recycle.

21. Plaintiff worked for Defendant as a technician from approximately November of 2021 to May of 2022.

22. Plaintiff worked for Defendant in New Mexico.

23. Defendant operates across the country.

24. Defendant classified Plaintiff as an employee.

25. Plaintiff and other technicians routinely worked more than 40 hours in a week for Defendant.

26. Defendant schedules its technicians to work hitches of various lengths of time, such as 13 days on 7 off, 28 day on 14 off, or 14 days on 14 off.

27. During a hitch, the typical work day is 12 hours of work preceded by a 30 minute safety briefing. This schedule yields workweeks that normally exceed 80 hours worked.

28. For his labor, Defendant paid Plaintiff an hourly rate but did not pay him the proper amount of overtime for his hours in excess of forty per week.

29. Plaintiff was paid on an hourly rate basis.

30. In addition to his hourly rate, Defendant paid Plaintiff an amount it claims constitutes overtime.

31. However, the overtime Defendant pays is not the overtime that the FLSA or NMMWA requires.

32. Defendant paid Plaintiff and its other technicians payments for food, housing, and vehicle reimbursements calculated on a daily basis.

33. These "reimbursement" payments were intended to reimburse Plaintiff and the other technicians for expenses they normally incurred for their own benefit or convenience.

34. Some of the payments that Defendant dubbed a "reimbursement" were not even expenses that Plaintiff and the other technicians even incurred. For example, on every job site where Plaintiff worked, housing was provided by the company that ran that jobsite and Plaintiff incurred no housing expenses at all.

35. Defendant never required Plaintiff or any other technician to submit any sort of receipts, expense statements, or other form of accounting to receive any of these reimbursement payments—they were simply paid based on the number of days an employee worked.

36. Defendant did not include the amount of these reimbursement payments when it calculated the amount of overtime due to Plaintiff and other technicians.

37. However, because those payments were not used to reimburse actual expenses incurred by its employees, the payments Defendant issued as food, housing, and vehicle reimbursements should have been treated as wages under the FLSA and NMMWA.

38. By not including those payments, Defendant paid overtime on an artificially low regular rate and, in doing so, substantially underpaid the amount of overtime it should have paid to its employees.

39. Defendant terminated Plaintiff's employment in May of 2022.

40. Based on Plaintiff's agreed rate of pay, Defendant underpaid Plaintiff $750 for work he performed during his last week. Plaintiff has made a demand for this compensation but has yet to paid the entirety of his last check.

## CAUSES OF ACTION

### COUNT ONE: FLSA VIOLATIONS

41. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

42. Defendant's practice of failing to pay Plaintiff time-and-a-half for all hours worked in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

43. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are paid are applicable to Defendant, Plaintiff, or the FLSA Class Members.

44. Defendant's compensation policies denied Plaintiff and other hourly paid employees overtime compensation at the rate required by the FLSA.

45. Specifically, Defendant violated the FLSA by failing to include the food, housing, and vehicle payments in the calculation of the regular rate for overtime purposes. 29 U.S.C. § 207(e)(2); 29 C.F.R. § 778.217(d).

46. Defendant knew, or showed reckless disregard for whether, its conduct violated the FLSA.

47. Plaintiff and Defendant's other technicians are entitled to recover their unpaid overtime compensation in an amount equal to the difference between the proper overtime rates actually paid, an equal amount in liquidated damages, reasonable attorneys' fees, costs, and expenses of this action from Defendant.

### COUNT TWO: NMMWA VIOLATIONS

48. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

49. Plaintiff brings this claim under the NMMWA as a Rule 23 class action.

50. The conduct alleged above violates the NMMWA.

51. At all relevant times, Defendant was subject to the requirements of the NMMWA for its employees working in New Mexico.

52. At all relevant times, Defendant was an "employer" as defined by the NMMWA.

53. At all relevant times, Defendant employed Plaintiff and the other hourly paid technicians in New Mexico as "employees" within the meaning of the NMMWA.

54. The NMMWA requires employers to pay employees at one-and-one half times their regular rates of pay for hours worked in excess of forty hours in any one week.

55. Defendant failure to pay Plaintiff and its other employees in New Mexico at overtime rates equal to one and one half times their proper regular rates violates the NMMWA.

56. Plaintiff, on his on behalf and on behalf of other technicians working in New Mexico, seeks unpaid overtime in an amount equal to the difference between the proper overtime rates and the rates actually paid, treble damages, interest, and such other legal and equitable relief as the Court deems proper.

57. Plaintiff and the New Mexico technicians also seek recovery of attorneys' fees, costs, and expenses of this action, as provided by the NMMWA.

### COUNT THREE:  BREACH OF CONTRACT

58. Plaintiff had an express or implied contract with Defendant under which he was to be paid his agreed rate of pay.

59. When Defendant terminated his employment and issued his final paycheck, Defendant underpaid Plaintiff by $750.

60. Plaintiff performed work for Defendant for which he expected to be paid under his agreement with Defendant.

## COLLECTIVE ACTION AND CLASS ACTION ALLEGATIONS

61. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

62. Plaintiff has actual knowledge that the Class Members have also been denied overtime pay for hours worked over forty (40) hours in a workweek as a result of Defendant's compensation policies.

63. Numerous employees have been victimized by this pattern, practice, and policy which is in willful violation of the FLSA and the NMMWA. Many of these employees have worked with Plaintiff and these hourly workers have been paid an overtime rate that did not include the food, housing, or vehicle payments. Even if their precise job titles may differ, the hourly workers are all victims of Defendant's unlawful compensation practices and are similarly situated to Plaintiff in terms of relevant job duties, pay provisions, and employment practices.

64. Plaintiff's knowledge is based on his personal work experience and through communications with other workers of Defendant. Plaintiff personally worked with other technicians under the same compensation structure at multiple job sites for Defendant.

65. Other workers similarly situated to the Plaintiff worked for Defendant throughout the United States but were not paid overtime at the rate of one and one-half their regular rates of pay when those hours exceeded forty (40) hours in a workweek.

66. Although Defendant permitted and/or required Class Members to work in excess of forty (40) hours in a workweek, Defendant denied them full compensation for their hours worked over forty (40).

67. Class Members perform or have performed the same or similar work as Plaintiff and were misclassified as exempt by Defendant.

68. Plaintiff and at least 50 other employees who worked for Defendant in the last three years were paid the same type of FLSA and NMMWA violating expense reimbursement payments.

69. Plaintiff had the same or similar job duties as other employees of Defendant who had the same job title as Plaintiff and worked for Defendant at any time during the three years prior to the filing of this lawsuit.

70. Class Members are not exempt from receiving overtime pay under the FLSA.

71. As such, Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, misclassification as exempt employees and/or the denial of overtime pay.

72. Defendant's failure to pay overtime compensation at the rate required by the FLSA and NMMWA results from generally applicable policies or practices and does not depend on the personal circumstances of any FLSA Class Member.

73. The experiences of Plaintiff, with respect to his pay, hours, and duties are typical of the experiences of the Class Members.

74. The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

75. All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) in a workweek.

76. Although the exact amount of damages may vary among the Class Members, the damages for the Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all Class Members.

77. The questions of law and fact that are common to each Class Member predominate over any questions affecting solely the individual members.

78. Among the common questions of law and fact are:

   a. Whether Defendant employed the Class Members within the meaning the FLSA and NMMWA;

   b. Whether Defendant's decision to exclude the food payment from the calculation of the regular rate for overtime purposes violated the FLSA and the NMMWA;

   c. Whether Defendant's decision to exclude the housing payment from the calculation of the regular rate for overtime purposes violated the FLSA and the NMMWA;

   d. Whether Defendant's decision to exclude the vehicle payment from the calculation of the regular rate for overtime purposes violated the FLSA and the NMMWA;

   e. Whether Defendant's violations of the FLSA and NMMWA were made in good faith;

   f. Whether Defendant's violations of the FLSA and NMMWA were willful; and

   g. Whether Defendant's pay practices applied to all of its hourly workers.

79. Plaintiff and the Class Members sustained damages arising out of Defendant's illegal and uniform pay policy.

80. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude class or collective action treatment.

## JURY DEMAND

81. Plaintiff demands trial by jury on all issues.

## PRAYER

82. For these reasons, Plaintiff prays for:

   a. For an order allowing this action to proceed as a FLSA collective action and directing notice to the class;

b. For an order pursuant to section 16(b) of the FLSA finding Defendant liable for unpaid back wages, and an equal amount of liquidated damages, due to Plaintiff and the class members;

c. For an order pursuant to the NMMWA finding Defendant liable for unpaid back wages and treble damages, due to Plaintiff and the New Mexico Workers;

d. For an order designating the state law class as a class action pursuant to FED. R. CIV. P. 23;

e. For an order awarding Plaintiff and the class members the costs of this action;

f. For an order awarding Plaintiff and the class members their attorneys' fees;

g. For an order awarding Plaintiff and the class members unpaid benefits and compensation in connection with the FLSA and state law violations;

h. For an order awarding Plaintiff and the class members pre- and post-judgment interest at the highest rates allowed by law; and

i. For an order granting such other and further relief as may be necessary and appropriate, including the $750 Defendant owes Plaintiff from his last check.

Respectfully submitted,

By: /s/ Beatriz Sosa-Morris
Beatriz-Sosa Morris
SOSA-MORRIS NEUMAN, PLLC
BSosaMorris@smnlawfirm.com
Texas State Bar No. 24076154
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8844
Facsimile: (281) 885-8813

ATTORNEY FOR PLAINTIFF AND CLASS MEMBERS